TOWN OF CANDOR v. TOWN OF TIOGA.

(Supreme Court, Appellate Division, Third Department. December 2, 1896).

1. BRIDGES—BETWEEN ADJOINING TOWNS—LIABILITY FOR COST.
   Laws 1890, c. 568, § 130, providing that towns shall share the expense of building bridges over streams on their boundaries, does not render a town liable for any part of the cost of a bridge built over a stream on its boundary, and across a strip of land within its limits, where neither end of the bridge is within the town, and the bridge is practically inaccessible therefrom.

2. SAME—ACTION FOR CONTRACT PRICE—PLEADING.
   A town suing to compel another town to contribute to the cost of an iron bridge more than 200 feet long must allege and prove the making of the certificate required by Laws 1890, c. 568, § 145, providing that no town shall be compelled to pay for such a bridge until the state engineer and surveyor shall certify to the completion of the bridge and his approval thereof.

Appeal from special term, Tioga county.

Action by the town of Candor against the town of Tioga to recover one-half the sum expended by plaintiff in constructing a bridge over Owego creek. From a judgment in favor of plaintiff upon the report of a referee appointed to hear and determine the action, defendant appeals. Reversed.

The commissioners of highways of the towns of Owego and Candor, in the county of Tioga, having constructed an iron bridge over Owego creek, on a highway running between the towns, this action was brought by the town of Candor against the town of Tioga to recover its proportionate part of the expense there-

of. Owego creek runs in a northerly and southerly direction. The town of Owego lies on the easterly side of the stream, and opposite to it and adjoining each other are the towns of Candor and Tioga. One end of the bridge is situate in the town of Owego, and the other in Candor, neither end being in the town of Tioga, or connecting with any highway therein. But it is claimed that a corner of the town of Tioga extends under the middle ·of the bridge. The referee found "that one of the piers and a portion of said bridge are situate upon and over land within the boundaries of the town of Tioga, but no highway of said town of Tioga touches or directly connects with such bridge." In our dis- ·cussion of the case, we assume that this finding of the referee is sustained by the evidence. It is claimed that, the commissioners of highways of the two towns having erected the bridge over a strip of land within the town of Tioga, the latter town became liable to pay a portion of the expense of erecting it. The referee found "that a highway has been maintained by the public, and used and occupied as such, at, upon, and over the Owego creek, where the * * * bridge is now located, and leading to the same, at either end of said bridge, since prior to the year 1826"; that, prior to and from and since the year 1826, the portion of said highway bridge lying within the limits of the town of Tioga has been ·one of the highways of the town of Tioga,—thus holding that the middle of the bridge, to which the town of Tioga has no access, and which does not connect with any highway therein, is one of the public highways of said town. This ac- tion was brought under the provisions of sections 130, 134, and 135, c. 568, Laws 1890. Section 130 provides: "The towns of this state, except as otherwise here- in provided, shall be liable to pay the expenses for the construction and repair of its public free bridges, constructed over streams or other waters within their bounds, and their just and equitable share of such expenses when so constructed over streams or other waters upon their boundaries, except between the coun- ties of Westchester and New York; and when such bridges are constructed over streams or other waters forming the boundary line of towns, either in the same or adjoining counties, such towns shall be jointly liable to pay such expenses." Sections 134 and 135 provide for the collection by the town or towns building a bridge, from a town liable, but which refuses to aid in the construction thereof, of its share of the expense. The plaintiff recovered in the court below.

Argued before LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Clark & Tuthill (H. Austin Clark, of counsel), for appellant.
Martin S. Lynch (Frank A. Darrow, of counsel), for respondent.

PUTNAM, J. It will be observed that sections 134 and 135, c. 568, Laws 1890, only authorize the maintaining of an action by one town against another for its share of the expense of the construction of any bridge where the latter is liable to make or maintain such bridge. In the language of the statute, "whenever any two or more towns shall be liable to make or maintain any bridge or bridges, the same shall be built and maintained at the joint expense of such towns, without refer- ence to town lines." Prior to the enactment of the law of 1890, the town of Tioga would not have been liable to make or maintain the bridge in question, for the reason that it did not connect with any highway in 'said town. Beckwith v. Whalen, 70 N. Y. 430. In the case cited, the action was brought under the provisions of chapter 225, Laws 1841 (chapter 383, Laws 1857). The act of 1841 contained a similar clause to that of 1890, viz.: "Whenever any adjoining towns shall be liable to make and maintain any bridges over any stream dividing such towns, such bridges shall be built and repaired at the ·equal expense of said towns, without reference to the town lines,"— but was silent as to when this liability existed, containing no provi- sion similar to section 130 of the act of 1890. In the case cited, how-

ever, it was assumed that "an implied liability is created upon towns divided by a stream, where a bridge would connect an existing highway in the respective towns, to erect at joint expense such bridge, even though none had before existed. But a highway in each town which would be connected by a bridge must pre-exist the liability." It was held that, although the bridge referred to in that case joined the towns of Brighton and Penfield, as it connected with no highway in the latter town, the action could not be maintained. In this case, not only no highway of the town of Tioga connects with the bridge in question, but neither end of the structure is located in the said town; and, in fact, the bridge is practically inaccessible therefrom. The defendant is sought to be made liable because the commissioners of highways of the towns of Owego and Candor, desiring to connect a highway running through said two towns, have erected a bridge over a strip of land within its boundaries.

The question then arises whether the defendant is liable to pay a portion of the expense of erecting the bridge in question, under the provisions of section 130, c. 568, Laws 1890. There is some doubt as to the construction that should be given to the above-quoted provisions of that section. With some hesitation, we have reached the conclusion that it does not authorize the maintenance of this action. The first provision therein, that "the towns of this state * * * shall be liable to pay the expenses for the construction and repair of its public free bridges, constructed over streams or other waters within their bounds," apparently refers to bridges within the boundaries of one town. The second and third provisions contained in section 130 as to the liability of towns to pay the expenses of the construction of bridges provide that they shall be liable for "their just and equitable share of such expenses when so constructed over streams or other waters upon their boundaries; * * * and when such bridges are constructed over streams or other waters forming the boundary line of towns, either in the same or adjoining counties, such towns shall be jointly liable to pay such expenses." This statute should have a reasonable construction. It is difficult to believe that the legislature intended to make a town liable for the expense of constructing a bridge which does not connect with any land within its boundaries, or with any highway therein, and which is, in fact, inaccessible therefrom, merely because the commissioners of highways of adjoining towns, for their own convenience and purposes, choose to build a bridge the middle part of which passes over a small strip of land within its boundaries. The provisions of the act of 1890 above quoted should be deemed to refer, we think, to bridges constructed over streams upon the boundaries of the town sought to be charged, and connecting with or ending therein. The words "over streams" should be held to refer to cases where one end of the bridge is located on land within the boundaries of the town against whom a claim is made, and extends to another town; as if in this case the bridge had extended from lands within the town of Owego across the creek to lands within the town of Tioga. The language of section 130 is susceptible to, and we think should be given, such a construction.

42 N.Y.S.—58

It could hardly be claimed that the commissioners of highways of the town of Tioga, without the consent of the other two towns, could have built the bridge in question, and compelled those towns to pay their part of the expense. Had the defendant's officers undertaken such a project, the conclusive answer to their proceeding would have been that, having no highway connected with such a bridge, neither end of the structure being within the boundaries of said town, and it being practically inaccessible therefrom, they had no interest in, and could not enforce, the erection of the bridge.

In considering the intent of the legislature in enacting section 130, supra, it is proper to bear in mind the law in reference to the liability of a town in such a case, when the act referred to was passed, as enunciated in Beckwith v. Whalen, supra, and that at that time a town was not liable for the expense of constructing a bridge which did not connect with any highway therein. It is a familiar doctrine that:

"Where one statute was undoubtedly under the consideration of the legislature when passing another, the former ought, though long since expired, to be taken into consideration in construing the latter statute, and that for the reason that it is the rule in the construction of statutes that all which relate to the same subject, notwithstanding some of them may have expired, or are not referred to, must be taken to be one system, and construed consistently; and the practice has always been so." Smith, Const. Const. § 638.

We are of opinion that the language of section 130, supra, does not render it necessary to hold that it was the intent of the legislature to make a town liable for the expense of making a bridge that does not begin or end within its boundaries, that connects with no highway therein, and is practically inaccessible therefrom, and in which structure the town has no possible interest.

Section 145, c. 568, Laws 1890, provides as follows:

"No town or its officers shall be compelled to accept or pay for an iron or steel bridge exceeding two hundred feet in length, or having a span or spans exceeding one hundred feet in length, constructed therein or upon its borders, until the state engineer and surveyor shall certify to the completion of the bridge, pursuant to the contract under which it shall have been constructed, with his approval of the manner of its construction and the material thereof; and all contracts made for the construction of any such bridge, shall be subject to the provisions of this section."

We are unable to see why, if the defendant was to be made liable under the contract made by the highway commissioners of the towns of Candor and Owego for the construction of the bridge in question, it was not entitled to the certificate, and approval by the state engineer and surveyor, provided for in the above-quoted section. When contracts by the officers of a town for the construction of such a bridge are made with any person or persons, the parties contract subject to the provisions of the above-quoted section. The certificate of the state engineer and surveyor must be procured as to the performance of the contract, and also his approval of the manner of construction of the bridge and the material thereof. The language of the section is that "no town" or "its officers" shall be compelled to pay until the certificate and approval of the state officers is obtained. If the defendant is compelled to pay a portion of the expense of the bridge incurred under the contract made by the officers

of the towns of Candor and Owego, they are entitled to the certificate and approval provided for in the section quoted. It is suggested by the learned counsel for the plaintiff that no such defense was asserted in the answer. It was not necessary to set up this defense. It was a part of the plaintiff's cause of action to allege and show the certificate and approval of the state officers, and hence the defendant could, as it did, take advantage of the omission of the plaintiff to allege and prove such certificate and approval on the trial.

Without considering other questions raised, we are of opinion that the judgment should be reversed, with costs, and the complaint dismissed. All concur.